CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICKY LEE STOUT,<br>    Petitioner, | Civil Action No. 7:04-cv-00323 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

    Petitioner, Ricky Lee Stout, a Virginia inmate proceeding pro se, brings this action, a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Stout was convicted of abduction, assault, and battery in the Circuit Court of the City of Roanoke. Stout was also convicted in the Circuit Court of Roanoke County for two counts of driving after having been declared a habitual offender. The guilt phase of the cases in the City and County of Roanoke were conducted separately and were subsequently consolidated into a single sentencing hearing. On July 9, 2002, Stout was sentenced to serve six years for abduction, 12 months for assault and battery, and four years and 18 months for driving after having been declared a habitual offender. The Court suspended three years and six months of the abduction sentence and two years of the driving after having been declared a habitual offender. (Case Nos. CR02-287-00 and 01). Additionally, Stout challenges an order revoking two years of a previously suspended sentence for driving after having been declared a habitual offender. (Case No. CR02-183 and 184, CR99-592-01). Stout challenges the order and his City and County convictions.

    This matter is before the court upon the respondent's motion to dismiss. The respondent has filed a motion to dismiss the petition for a writ of habeas corpus. The court notified Stout of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised Stout that if any additional documents or affidavits outside of the pleadings were introduced, the 12(b)(6) motion to dismiss may be considered as a motion for summary judgment. The respondent filed a supplemental response to the motion to dismiss which included new affidavits; as such respondent's motion to dismiss will be construed as a Rule 56

1

motion for summary judgment. Stout filed a response to the respondent's motion, thus making the matter ripe for disposition.

Respondent asserts that Stout's petition is time barred. Stout asserts that the statutory filing deadline should be equitably tolled, because he did not receive timely notice that his state habeas petition was denied. After reviewing the record, the Court finds that there is no genuine issue of material fact and the respondent is entitled to judgment as a matter of law.

## I. STATUTE OF LIMITATIONS PURSUANT TO 28 U.S.C. § 2244(d)

Respondent argues that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA). The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D).

Calculation of timeliness under §2244(d)(1)(A) is based on the date on which Stout's convictions became final in state court and Stout exhausted all available avenues for direct appeal. See United States v. Clay, 537 U.S. 522 (2003). The trial court entered its sentencing order on July 9, 2002. Stout's attorney did not file a direct appeal from the state court convictions. Stout's convictions became final, then, upon expiration of the 30-day period of time during which Stout could have filed a timely direct appeal in the Court of Appeals of Virginia.

2

The date the statute of limitations began to run was August 9, 2002, after the 30-day appeal period. The statute of limitations ran until July 10, 2003 when Stout filed a state habeas petition in the Supreme Court of Virginia. During the time the state habeas petition was pending, July 10, 2003 until March 31, 2004, the statute of limitations remained tolled. On March 31, 2004, the Supreme Court of Virginia denied Stout's habeas corpus petition, and the statute of limitations began running again. At this point, Stout still had approximately 30 days in which to file his federal habeas corpus petition. Stout, under the penalty of perjury, signed his federal habeas petition on June 8, 2004. The statute of limitations had been running for a period of 404 days which is well over the allotted one year time period as governed by 25 U.S.C. 2244(d)(1).

## II. EQUITABLE TOLLING OF THE §2244(d) STATUTORY FILING PERIOD IS APPROPRIATE IN EXCEPTIONAL CIRCUMSTANCES

The one-year period mandated by 28 U.S.C. §2244(d)(1) has been construed by the Fourth Circuit as a statute of limitations that is subject to equitable tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329-330 (4th Cir. 2000). The use of the doctrine of equitable tolling, however, must be confined to rare and exceptional circumstances that necessitate the use of the doctrine to promote equity and justice. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329-330 (4th Cir. 2000). For the doctrine of equitable tolling to be appropriate in the instant case, Stout must demonstrate that exceptional circumstances beyond his control or external to his own control prevented him from timely filing his federal petition. <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003)

## III. STOUT HAS NOT DEMONSTRATED CIRCUMSTANCES SUFFICIENT TO ENTITLE HIM TO THE DOCTRINE OF EQUITABLE TOLLING

Stout has not demonstrated exceptional circumstances beyond his control and the respondent is entitled to judgment as a matter of law. Stout alleges that he did not receive notice of the dismissal of his habeas corpus petition from the Supreme Court of Virginia and argues that this omission should qualify him for equitable tolling. Specifically, Stout alleges that he did not

3

know the disposition of his case and sent a letter to the clerk of the Supreme Court of Virginia on June 28, 2004. The court finds Stout's allegations to be contradictory to his own statements as well as affidavits submitted by the respondent.

The respondent has submitted affidavits from the Chief Deputy Clerk of the Supreme Court of Virginia, Douglas M. Robelen, and the prison mailroom clerk, M.B. Johnson. The affidavit of Mr. Robelen outlines the procedures used by the Supreme Court of Virginia when dealing with a pro se habeas corpus petition. Mr. Robelen asserts that when a decision is rendered by the Supreme Court of Virginia the order is sent to the prisoner on the same day. Mr. Robelen further asserts that he has no actual recollection of mailing the order, but nothing in his notes on the case indicates a deviation from the standard procedures. Furthermore, Robelen maintains that Stout was not sent any correspondence from the Supreme Court of Virginia in the four months preceding April 1, 2004, except for the dismissal order.

The affidavit of the prison mailroom clerk, M.B. Johnson, details the normal procedures for prisoners receiving incoming legal mail. Incoming legal mail is first logged into the prison record book and then opened and searched in the prisoner's presence. Johnson alleges that Stout received a piece of incoming legal mail from the Supreme Court of Virginia on April 1, 2004. Johnson's allegation is supported by the incoming legal mail logbook of the prison, which indicates that Ricky Lee Stout received a piece of legal mail from the Supreme Court of Virginia on April 1, 2004.

Stout does not deny that he received incoming legal mail from the Supreme Court of Virginia on April 1, 2004. Stout contends that the piece of legal mail that he received did not include the dismissal of his habeas petition. Furthermore, Stout provides a letter from the clerk of the Supreme Court of Virginia, dated July 8, 2004, that states that Stout sent a letter to the court dated June 28, 2004 requesting the status of his habeas petition. In the letter, the clerk states that Stout's habeas action was rejected on March 31, 2004, that a copy of the dismissal was sent to Stout on that date, and that a copy of the dismissal was attached to the letter. Stout argues

4

that if he knew the disposition of his case he would not have sent the letter to the clerk. This argument, however, is unpersuasive.

Stout's own written affirmations contradict this argument. In his § 2254 petition, question 10 asks if he has filed any petitions, applications, or motions in any court, state or federal. Stout answered yes. The next question asks, among other things, for the name of the court, the nature of the proceeding, and the result. Stout answered the questions by stating that he had filed a habeas corpus petition in the Supreme Court of Virginia. Furthermore, Stout answered question 11.5, which asks for the result of the proceeding, with one word: "**denied**". The petition was signed by Stout, under the penalty of perjury, on June 8, 2004. These assertions made by Stout on his own § 2254 petition clearly show that Stout knew that his state habeas petition was denied. Furthermore, Stout's own federal petition shows that Stout knew the outcome of his state habeas proceeding 20 days prior to his letter to the clerk of the Supreme Court of Virginia requesting the status of his case. Under these circumstances, with the allegations and affidavits taken in a light most favorable to Stout, the Court finds that Stout has not demonstrated exigent circumstances beyond his control sufficient enough to entitle him to the doctrine of equitable tolling. Furthermore, Stout filed his federal petition for writ of habeas corpus after the statutory one-year time period had expired. As such there are no genuine issues of material fact and the respondent is entitled to judgment as a matter of law.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _21st_ day of June, 2005.

*James C. Turk*
Senior United States District Judge

5

Case 7:04-cv-00323-JCT-mfu   Document 19   Filed 06/21/05   Page 5 of 5   Pageid#: 90